The Honorable Jay Bradford State Senator Post Office Box 8367 Pine Bluff, Arkansas 71611
Dear Senator Bradford:
This is in response to your request for an opinion regarding the election of union officers for AFGE Local 593 at the Pine Bluff Arsenal. You comment that a protest was filed with the union election committee protesting that persons who wrote personal checks for their membership dues were allowed to vote even though their checks had not "cleared the bank." Your principal question with regard to this matter is whether the check for membership dues must "clear the bank" before the person is considered a member of the union.
Because this matter involves the interpretation of union bylaws, rules, and regulations, it is not properly within the scope of an Attorney General opinion, which must be focused upon questions involving the interpretation of state law. I am precluded, under A.C.A. § 25-16-701
(Repl. 1996), from engaging in the private practice of law; therefore, I cannot offer advice as to the construction of private bylaws, rules, and regulations. See Op. Att'y Gen. No. 96-353. The attorney for the union would be the appropriate source of information in this regard.
I note that your letter and certain of the attached documents reference A.C.A. § 4-3-310 (Repl. 1991) with regard to the legality of denying a union member the right to vote until his or her check has "cleared the bank." Arkansas Code Annotated § 4-3-310 provides in part:
 (b) Unless otherwise agreed . . . if a note or an uncertified check is taken for an obligation, the obligation is suspended to the same extent the obligation would be discharged if an amount of money equal to the amount of the instrument were taken, and the following rules apply:
 (1) In the case of an uncertified check, suspension of the obligation continues until dishonor of the check or until it is paid or certified. Payment or certification of the check results in discharge of the obligation to the extent of the amount of the check.
Granted, this section provides that if an uncertified check is taken for an obligation, the obligation is suspended to the same extent the obligation would be discharged if an amount of money equal to the amount of the check were taken. See France v. Ford Motor Credit Co.,323 Ark. 167, 913 S.W.2d 770 (1996). It must, however, be recognized that the phrase "unless otherwise agreed" clearly contemplates that the parties involved may modify the affect of accepting an uncertified check for an obligation.
I regret that I cannot provide a definitive answer to your question; however, it is my hope that the foregoing will provide assistance in selecting a course of action.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Warren T. Readnour.
Sincerely,
WINSTON BRYANT Attorney General
WB:WTR/cyh